U.S. District Court
District of Connecticut

CHRISTOPHER SHAND : CIVIL NO.
v.
SCOTT SEMPLE,
ANNE CORNOYER,
WILLIAM MULLIGAN,
CRAIG BURNS,
BRIAN LIEBEL,
RIKEL LIGHTNER,
MARK FRAYNE,
LEONARD SANTABIERO,
GERARD GAGNE,
DR. ZAHEDI, ALL
SUED IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITIES.
JURY TRIAL DEMANDED : DECEMBER 29, 2017

## COMPLAINT

1. Plaintiff Christopher Shand brings this action pursuant to 42 U.S.C. §1983 because Defendant's have knowingly subjected him to conditions of confinement that have exacerbated his serious mental illness in violation of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.

## PARTIES

2. Plaintiff Christopher Shand ("Plaintiff") is an inmate in the custody of

the Connecticut Department of Correction who was confined at Northern Correctional Institution.

3. Defendant Scott Semple ("Semple") is the Acting Commissioner of the Connecticut Department of Correction ("D.O.C."). As such, he is responsible for the creation and enforcement of its policies, the training and supervision of its employees, and the custody and care of inmates in its facilities. At all relevant times, he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

4. Defendant Anne Cournoyer ("Cournoyer") is the current Warden at Northern Correctional Institution ("Northern"). As such she is responsible for the creation and enforcement of policies at Northern, the training and supervision of persons working at Northern, and the custody and care of inmates at Northern. At all relevant times, she was acting within the scope of her employment and under color of state law. She is sued in her individual and official capacities.

5. Defendant William Mulligan ("Mulligan") is the current Deputy Warden at Northern. As such he is responsible for assisting the Warden in the creation and enforcement of policies at Northern, the training and supervision of persons working at Northern, and the custody and care of inmates at Northern. At all relevant times, he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

6. Defendant Craig Burns ("Burns") is the current Director of Psychiatric

"2"

services for the D.O.C. As such, he is responsible for providing mental health care and treatment to inmate confined in it's facilities. At all relevant times he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

7. Defendant's Brian Liebel ("Liebel") and Ricky Lightner ("Lightner") is the Health Services Administrator for D.O.C. As such, he/she is responsible for providing mental health care and treatment to inmates confined in it's facilities. At all relevant times, he/she was acting within the scope of his/her employment and under color of state law. He/she is sued in his/her individual and official capacities.

8. Defendant's Mark Frayne ("Frayne") and Leonard Santarsiero ("Santarsiero") is a psychologist employed or retained by D.O.C for the purpose of providing mental health care and treatment to inmates. He is responsible for the mental health care and treatment of plaintiff during the period of his confinement in it's facilities. At all relevant times, he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

9. Defendant's Gerard Gagne ("Gagne") and Dr. Zahedi ("Zahedi") is a psychiatric employed or retained by D.O.C for the purpose of providing mental health care and treatment to inmates. He is responsible for the mental health care and treatment of plaintiff during the period of his confinement in it's facilities. At all relevant times, he was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacities.

"3"

## JURISDICTION AND VENUE

10. THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. §1331 BECAUSE THIS ACTION ARISES UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES AND PURSUANT TO 28 U.S.C. §1343(a)(3) BECAUSE THIS ACTION SEEKS TO REDRESS THE DEPRIVATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW.

11. THIS COURT HAS JURISDICTION TO GRANT DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §2201 AND 2202 AND FEDERAL RULE OF CIVIL PROCEDURE 57.

12. THIS COURT HAS JURISDICTION TO GRANT INJUNCTIVE RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65.

13. VENUE IN THIS JUDICIAL DISTRICT IS PROPER PURSUANT TO 28 U.S.C. §1391(b) BECAUSE DEFENDANTS RESIDE IN THIS DISTRICT AND A SUBSTANTIAL PART OF THE EVENTS OR OMISSIONS GIVING RISE TO PLAINTIFF'S CLAIMS OCCURRED IN THIS DISTRICT.

## STATEMENT OF FACTS

### Plaintiff's Serious Mental Illness

14. PLAINTIFF HAS BEEN CLASSIFIED AS A "SERIOUSLY MENTALLY ILL" INMATE.

15. PLAINTIFF HAS BEEN DIAGNOSED WITH SEVERAL MENTAL DISORDERS INCLUDING BIPOLAR DISORDER, HEARING VOICES, MAJOR DEPRESSION, POST-TRAUMATIC STRESS DISORDER, ANTISOCIAL PERSONALITY DISORDER, BORDERLINE PERSONALITY DISORDER, SLEEPING DISORDER, SEEING THINGS.

"4"

16. Plaintiff has suicidal ideations and engages in acts of self-harm.

17. Plaintiff has taken medication to treat his mental illness since childhood.

**Plaintiff's Transfer to Northern.**

18. Defendants Semple and Burns transferred Plaintiff to Northern.

19. Plaintiff was transferred to Northern on or about January 30, 2015.

20. Plaintiff did not receive a hearing before or after his initial transfer to Northern.

21. Northern is a supermax prison located in Somers, Connecticut.

22. Northern is the highest security prison operated by the D.O.C.

23. There are no mental health units at Northern.

24. Defendants Semple, Cournoyer, and Mulligan continued to confine Plaintiff at Northern for years.

**Plaintiff's Placement in Administrative Segregation.**

25. Defendants Semple, Cournoyer, Mulligan and Burns kept Plaintiff in administrative segregation at Northern.

"5"

26. Some forms of administrative segregation employed by Defendants and DOC involve extended periods of solitary confinement.

27. When administrative segregation involves extended periods of solitary confinement, it subjects inmates to conditions of extreme social isolation and reduced environmental stimulation.

28. In Phase 1 of administrative segregation, Plaintiff is confined in a small sensory deprivation cell for 23 hours a day, forced to eat all his meals inside his cell, removed from his cell only for recreation one hour a day and for showers three times a week, placed in full restraints when removed from his cell, precluded from having contact visits, limited to one 15 minute telephone call per week, precluded from any work assignments, and precluded from participation in congregate programming.

29. Plaintiff was confined in administrative segregation at Northern for years.

30. Plaintiff remained in Phase 1 of administrative segregation for most of the period of his confinement at Northern.

Plaintiff's victimization by other inmates ~~[redacted]~~
~~[redacted]~~

- 6 -

31. During some periods of administrative segregation at Northern, an inmate may be housed with another cellmate.

32. Except for time periods in which they are in solitary confinement, mentally ill inmates are not separated from other inmates at Northern.

33. Plaintiff has been taunted, threaten, and by now mentally ill inmates and correctional officer because of his mental illness.

34. Such victimization has cause Plaintiff stress, depression and anxiety around other inmates and correctional officer, aggravated his mental illness, and cause him to fear for his safety.

Punishment for Plaintiff's Mental Illness.

35. Defendant's Courtnoyer, Mulligan have punished Plaintiff for behavior that is a result of his mental illness.

36. Plaintiff has received disciplinary sanctions as a result of such behavior, including continued placement in administrative segregation, placement in punitive segregation, denial of both visitation and phone privileges at the sametime, placement in in-cell restraints, placement in four point restraints, and exposure to chemical agents during cell extractions.

37. Defendant's did not attempt mental health interventions to address Plaintiff's behavior before resorting to discipline or punishment.

Inadequate Mental Health Treatment

38. Defendant's have failed to provide Plaintiff with adequate mental health care and treatment at Northern.

-7-

39. Defendants Semple, Cournoyer, Mulligan, Burns, Nebel and Lightner have failed to adequately train staff to deal with the mentally ill inmates at Northern.

40. Defendants Burns, Nebel, Lightner, Frayne, Santabiero, Gagne and Zahedi have failed to develop and adequate mental health treatment plan for Plaintiff.

41. Defendants Burns, Nebel, Lightner, Frayne, Santabiero, Gagne and Zahedi have failed to involve Plaintiff's family in his mental health treatment.

42. Defendants Burns, Nebel, Lightner, Frayne, Santabiero, Gagne and Zahedi have failed to provide Plaintiff with psychotherapy.

43. Defendants Frayne and Gagne have discontinued all of Plaintiff's mental health medications.

44. Defendants Frayne and Gagne has claimed that Plaintiff is "manipulating" and they think and feel Plaintiff don't need medications despite his well-documented mental illness.

Effect on Plaintiff's mental health condition

45. The conditions of confinement described herein have exacerbated Plaintiff's mental illness and have cause him to sustain physical injury.

46. The conditions of confinement described herein have caused Plaintiff to suffer from delusions, bewilderment, and racing thoughts; to lose sleep and memory; to have anxiety attacks; to

"8"

hear voices and experience hallucinations; to have suicidal ideations; to engage in acts of self-harm and self-mutilation; to repeatedly bang his head against walls and other hard surfaces; and to scratch and cut himself.

DELIBERATE INDIFFERENCE

47. Defendants were deliberately indifferent to Plaintiff's serious mental health needs.

48. Defendants knew about Plaintiff's mental health needs, the conditions of his confinement, and the devastating effect of those conditions on his mental health.

49. Defendants Semple, Cournoyer, Mulligan, Burns, Hebel, Lightner, Frayne, Santasiero, Gagne and Zahedi were provided with Plaintiff's medical and psychological records and therefore knew about Plaintiff's mental health needs from those records.

50. All Defendants knew that seriously mentally ill inmates such as Plaintiff should not be confined at Northern.

51. Plaintiff repeatedly informed Defendants about his condition.

52. Plaintiff's condition was the subject of numerous complaints, grievances, and ongoing litigation.

53. Defendants disregarded the excessive risk to Plaintiff's serious mental health needs by continuing to subject him to the conditions of

"9"

confinement described herein and by failing to take any corrective action.

54. Defendants have caused plaintiff to suffer irreparable harm and plaintiff lacks an adequate remedy at law.

### First Count

55. Plaintiff incorporates the allegations in paragraphs 1-54 herein.

56. Defendants Semple, Cournoyer, Mulligan, Burns, Weber, Lightner, Frayne, Santasiero, Gagne and Zahedi have violated plaintiff's rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution enforceable through 42 U.S.C. §1983 by acting with deliberate indifference to plaintiff's serious mental health needs.

57. As a direct and proximate result of the violations committed by these defendants, plaintiff suffered the mental and physical harm described herein.

### Second Count

58. Plaintiff incorporates the allegations in paragraphs 1-57.

59. Defendants Semple, Cournoyer, Mulligan, Burns, Weber and Lightner have violated plaintiff's rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution enforceable through 42 U.S.C. §1983 by creating a policy and custom or allowing the continuance of a policy and custom under which plaintiff was deprived of adequate mental health care and by failing to adequately supervise and train subordinates who committed the violations described herein.

"10"

60. AS A DIRECT AND PROXIMATE RESULT OF THE VIOLATIONS COMMITTED BY THESE DEFENDANTS, PLAINTIFF SUFFERED THE MENTAL AND PHYSICAL HARM DESCRIBED HEREIN.

### THIRD COUNT

61. PLAINTIFF INCORPORATES THE ALLEGATIONS IN PARAGRAPHS 1-60.

62. PLAINTIFF HAD A PROTECTED LIBERTY INTEREST IN AVOIDING A TRANSFER TO NORTHERN.

63. DEFENDANTS SEMPLE, COOK-SOYKE, MULLIGAN AND BURNS VIOLATED PLAINTIFF'S RIGHTS TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION ENFORCEABLE THROUGH 42 U.S.C. § 1983 BY FAILING TO PROVIDE PLAINTIFF WITH A HEARING BEFORE OR AFTER HIS TRANSFER TO NORTHERN.

64. AS A DIRECT AND PROXIMATE RESULT OF THE VIOLATIONS COMMITTED BY THESE DEFENDANTS, PLAINTIFF SUFFERED THE MENTAL AND PHYSICAL HARM DESCRIBED HEREIN.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS FOR RELIEF AS FOLLOWS:

1. A DECLARATORY JUDGEMENT THAT THE ACTIONS OF DEFENDANTS VIOLATED FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

"11"

2. A injunction restraining defendants from subjecting plaintiff to the conditions of confinement described herein, preventing defendants from confining plaintiff at Northern or placing plaintiff in administrative segregation, and or any restrictive status/setting, or ordering defendants to transfer plaintiff to the mental health unit at Garner Correctional institution, and requesting plaintiff to be sent to the Whiting Forensic Division to undergo a comprehensive mental health evaluation.

3. An award of compensatory damages against each defendants in their individual and official capacities.

4. An award of punitive damages against each defendants in their individual and official capacities.

5. Reasonable costs and plaintiff's fees in this suit pursuant to 42 U.S.C. §1983.

6. Such other relief as the court may deem just and proper.

DATED: DECEMBER 29, 2017
RESPECTFULLY SUBMITTED BY:
CHRISTOPHER SHAUD
NORTHERN CI
287 BILTON ROAD
SOMERS, CT 06071

DECLARATION OF PLAINTIFF

I, CHRISTOPHER SHAUD, HEREBY DECLARE UNDER PENALTY OF PERJURY, PURSUANT TO 28 U.S.C. §1746 THAT THE FACTS STATED IN THE COMPLAINT ARE TRUE TO MY KNOWLEDGE.

EXECUTED AT: NORTHERN CI, SOMERS, CT   DECEMBER 29, 2017

CHRISTOPHER SHAUD
CHRISTOPHER SHAUD

"13"